IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:08-CR-295-BO-1

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| JOHNNY JUNIOR WILLIAMS ) | |
| ) | |

This matter comes before the Court on defendant's motion requesting that the Court reverse its judgment in his case. [DE 203]. For the following reasons, defendant's motion is denied.

## BACKGROUND

Mr. Williams was sentenced by this Court on March 17, 2009, to a term of imprisonment for 184 months following his plea of guilty to a criminal information. Mr. Williams did not file a direct appeal. Mr. Williams filed a § 2255 motion on January 7, 2013, which was dismissed as untimely by order entered April 26, 2013. The court of appeals affirmed the dismissal of Mr. Williams' motion by opinion entered November 1, 2013. Mr. Williams filed a second motion to vacate on November 20, 2013, challenging the same conviction and sentence as were previously challenged. The motion was dismissed as second or successive on March 13, 2014. Mr. Williams appealed, and the appeal was dismissed for failure to prosecute. Mr. Williams filed the instant motion "requesting that this court reverse its 'void' federal judgment that was premised upon 'plain error' to correct a manifested miscarriage of justice" on October 19, 2015.

## DISCUSSION

Mr. Williams argues that he was improperly denied an independent investigator and that his plea colloquy was incomplete. He requests that the Court reverse its judgment in his case, or,

in the alternative, resentence him without the career offender enhancement. The relief requested is that which would result from a successful motion to vacate, set aside, or correct sentence. That Mr. Williams has not captioned his motion as "successive application" is of no moment because of "the longstanding practice of courts to classify *pro se* pleadings from prisoners according to their contents, without regard to their captions." *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). Thus, the Court is constrained to re-characterize the motion as a section 2255 petition. *Id.* at 206–07 ("[A] motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application" as will "new legal arguments or proffers of additional evidence.").

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) provides that a second or successive petition must be certified by a panel of the appropriate court of appeals to contain either "newly discovered evidence . . . or a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(1)–(2). Absent pre-filing authorization, a district court lacks jurisdiction to consider a second or successive petition. *Winestock*, 340 F.3d at 205.

As the instant motion attacks the same conviction and sentence as was earlier challenged, it is properly construed as a second or successive § 2255 petition, and the Court is without jurisdiction to consider it in the absence of pre-filing authorization. *See United States v. Downing*, 372 F. App'x 435, 436 (4th Cir. 2010) (unpublished) (finding it erroneous for a district court to consider the merits of a Rule 60(b) motion where it should have been construed as a successive § 2255, and the district court therefore lacked jurisdiction to consider it). A petitioner is not required to receive notice of the Court's re-characterization of the motion, as it has been

2

found to be second or successive. *See, e.g., United States v. Brown*, 132 F. App'x 430, 431 (4th Cir. 2005) (unpublished).

**Certificate of Appealability**

Rule 11 of the Rules Governing Section 2255 Cases provides that "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability shall not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that an assessment of the constitutional claims is debatable and any dispositive procedural ruling dismissing such claims is also debatable. *Miller-El v. Cockrell*, 537 U.S. 322, 336–38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). As reasonable jurists would not find this Court's dismissal of petitioner's § 2255 motion debatable, a certificate of appealability is denied

CONCLUSION

For the reasons discussed above, petitioner's motion, herein re-characterized as a motion to vacate pursuant to 28 U.S.C. § 2255, [DE 203] is DISMISSED for want of jurisdiction. A certificate of appealability is DENIED.

SO ORDERED this ___9___ day of November, 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

3